IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL PETERSON, #7K99557 | * |
|       Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO. RWT-07-180 |
| | * |
| WARDEN, | |
|       Defendant. | * |

******

**MEMORANDUM**

On January 17, 2007, the Court received correspondence from Plaintiff which at his request was construed as a Complaint filed pursuant to 42 U.S.C. § 1983.[1] He claimed that while housed at the Harford County Detention Center he was issued two additional detainers from Cecil County, but was not produced timely for court appearances. (Paper No. 1). Plaintiff was directed to supplement his Complaint and either file a Motion and Affidavit to Proceed in Forma Pauperis, or pay the $350.00 civil filing fee. (Paper No. 2).

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 4) which shall be granted. He has also filed a Supplemental Complaint wherein he names the Honorable O. Robert Lidums, a judge of the Circuit Court for Cecil County, Maryland, as the sole Defendant. (Paper No. 3).

Upon review of the complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). See Neitzke v. Williams, 490 U.S. 319 (1989); see also Denton v. Hernandez, 504 U.S. 25 (1992); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951 (4th Cir. 1995).

---

[1] Plaintiff is reminded that to the extent he seeks to challenge the execution of his sentence(s) he is advised that the proper means for doing so is through a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241. See Preiser v. Rodriguez, 411 U. S. 475 (1973).

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See* Stump v. Sparkman, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," Pierson v. Ray, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles v. Waco, 502 U.S. 9, 10 (1991), quoting Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. Stump, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. See Stump, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. Id. at 356-57.

A review of Plaintiff's allegations against Defendant does not compel the conclusion that Judge Lidums acted in clear absence of jurisdiction. Rather, Plaintiff's lawsuit is exactly the type of action that the Pierson Court recognized as necessitating the doctrine of judicial immunity. In

apparent disagreement with the decisions reached at the state court level, a litigant has turned to this forum to assert allegations of unconstitutional acts against a state court judge.  Because judicial immunity precludes Plaintiff's recovery against Defendant, sua sponte dismissal of Plaintiff's claims against Judge Lidums is appropriate.  A separate Order follows.

Date: 5/17/07

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE